1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13

| | |
|---|---|
| SERGIO ARTHUR GAMEZ ZUNIGA,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO et al.,<br><br>Respondents. | CASE NO. 2:25-cv-02527-LK<br><br>ORDER TO SHOW CAUSE |

14
15
16
17
18
19
20

This matter comes before the Court sua sponte. In Sergio Artur Gamez Zuniga's Petition for a Writ of Habeas Corpus, he lists "Rodney S Scott" as "Warden, Tacoma Northwest Detention Center." Dkt. No. 1 at 1 (some capitalization removed). However, the warden of the Northwest ICE Processing Center/Tacoma Northwest Detention Center ("NWIPC") is Bruce Scott; Rodney S. Scott is the Commissioner of U.S. Customs and Border Protection. Dkt. No. 7 at 1 n.2; *see also* U.S. Customs and Border Protection, About CBP, https://www.cbp.gov/about/leadership-organization/commissioners-office/commissioner (last visited Dec. 15, 2025).

21
22
23
24

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

ORDER TO SHOW CAUSE - 1

*AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Indeed, "core habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Id.* at 1195–97.

Gamez Zuniga requests immediate release from custody, Dkt. 1 at 12, making this a core habeas proceeding. *See Doe v. Garland*, 109 F.4th at 1193–94 ("Doe seeks typical habeas relief in asking for his release" (citation modified)). Therefore, Gamez Zuniga must name his "immediate custodian, the warden of the facility where [he is] detained" as a respondent. *Id.* at 1197. Although it appears that Gamez Zuniga intended to do so, the name of the warden in the caption is incorrect, and neither Bruce Scott nor Rodney Scott are listed in the "parties" section of his petition, making it unclear if Gamez Zuniga intended to name the warden or the Commissioner of U.S. Customs and Border Protection as a respondent. Dkt. No. 1 at 7–8.

Gamez Zuniga is therefore ORDERED to show cause why this case should not be dismissed for lack of jurisdiction. If Gamez Zuniga files an amended petition properly naming his immediate custodian by December 17, 2025, the Court will discharge this Order.

Dated this 15th day of December, 2025.

*Lauren King*
Lauren King
United States District Judge